UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

REGINALD DRUMMER

VERSUS

REGGIE PARENT, ET AL

CIVIL ACTION

NO. 10-541-JJB-CN

## RULING ON DEFENDANTS' 12(B)(6) MOTIONS TO DISMISS

This matter is before the Court on Defendant Geoengineers, Inc.'s 12(b)(6) Motion to Dismiss (doc. 6) and Defendant Reginald Parent's Partial Motion to Dismiss Pursuant to Rule 12(b)(6) (doc. 7). Plaintiff has filed oppositions to Defendants' motions (docs. 13 & 15), to which Defendants have filed replies (docs. 17 & 18). This Court's jurisdiction exists pursuant to 28 U.S.C. § 1331.

On October 27, 2009, Plaintiff Reginald Drummer ("Drummer") filed suit against his employer, Geoengineers, Inc. ("Geoengineers"), and co-employee, Reginald Parent ("Parent") (doc. 1, exhibit A), and on August 18, 2010, the case was removed to this Court (doc. 1). Plaintiff—an African-American—alleges that on October 27, 2008, Parent hung a noose from Plaintiff's workbench (doc. 1, exhibit A). When Plaintiff complained of the incident, his supervisor took no corrective action and called him a "troublemaker" for reporting the incident (doc. 1, exhibit A). Plaintiff further alleges that when he reported Parent's and his supervisor's conduct to management, no corrective action was taken and he was forced to continue working under the supervisor who had previously ignored his complaints (doc. 1, exhibit A).

1

Plaintiff claims that Defendants (1) publically displayed a noose on his workbench with intent to intimidate in violation of Louisiana Revised Statute Section 14:40.5 ("§ 14:40.5"); (2) engaged in intentional infliction of emotional distress and assault upon Plaintiff; (3) retaliated, discriminated and harassed him in violation of Louisiana Revised Statute Section 23:301 ("§ 23:301"); (4) intentionally discriminated against him in employment in violation of 42 U.S.C. § 1981; (5) engaged in retaliation in violation of Louisiana Revised Statute Section 23:967 ("§ 23:967"); and (6) failed to maintain a policy against racial harassment, adequately train or supervise its employees to abstain from harassment, and/or take appropriate corrective measures once Plaintiff reported the harassment (doc. 1, exhibit A).

On September 21, 2010, Geoengineers filed its Rule 12(b)(6) Motion to Dismiss (doc. 6). Geoengineers assert that (1) Plaintiff's claims for discrimination and harassment under § 23.301 must be dismissed because Plaintiff failed to (a) notify Geoengineers, in writing, of his complaints; (b) attempt to resolve the dispute at least thirty days prior to filing suit, and/or (c) file suit within the prescriptive period, as required by the statute; (2) Plaintiff's claim for publically displaying a noose with intent to intimidate in violation of § 14:40.5 must be dismissed because the statute is a criminal statute and does not confer a private right of action; and (3) Plaintiff's claims for intentional infliction of emotional distress and assault must be dismissed to the extent that Plaintiff can establish only negligence, because the Louisiana Worker's Compensation Act ("LWCA")

provides the exclusive method of recovery when an employee's injury arises out of employment and result from negligence.

On September 22, 2010, Parent filed his Partial 12(b)(6) Motion to Dismiss (doc. 7). Parent reiterates Geoengineers' arguments that (1) Plaintiff's claims under § 23:301 must be dismissed for failure to provide Geoengineers with written, pre-litigation notice, as required by the statute; (2) Plaintiff's claims under § 14:40.5 must be dismissed because it is a criminal statute that does not confer a private right of action; (3) Plaintiff's negligence claims must be dismissed because the LWCA provides the exclusive remedy for his injuries (doc. 7). Parent, in his motion to dismiss, also alleges that Plaintiff's claims against him under § 23:301, § 23:967 and 42 U.S.C. § 1981 must be dismissed because the statutes impose liability only on employers, not employees (doc. 7).

On November 2, 2010, Plaintiff filed its motion in opposition to Geoengineer's motion to dismiss (doc. 15) and its motion in opposition to Parent's motion to dismiss (doc. 13). Plaintiff asserts that he is not seeking to recover under § 14:40.5, but that § 14:40.5 establishes a guideline by which to judge Defendants' legal duties under Louisiana Code of Civil Procedure art. 2315 (doc. 15).

On November 16, 2010, Geoengineers filed its reply (doc. 18). Geoengineers asserts that (1) because Plaintiff failed to address any of the legal arguments contained in Geoengineer's motion to dismiss—with the exception of the applicability of § 14:40.5—Plaintiff's claims should be dismissed; and (2)

3

Plaintiff should not be permitted to amend its petition because he already amended his petition while the suit was in state court[1] and because Plaintiff failed to respond to the majority of legal arguments contained within Defendants' motions to dismiss, despite being given a three-week extension of time in which to respond to the motions[2] (doc. 12). On November 16, 2010, Parent filed his reply in which he reiterates Geoengineers' arguments in reply and the arguments contained in his motion to dismiss (doc. 17).

Under Federal Rule of Civil Procedure 12(b)(6) a federal district court should dismiss the plaintiff's complaint if it "fails to state a claim upon which relief can be granted." To state a valid claim for relief, plaintiff's complaint must contain sufficient factual allegations that, if taken as true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2009). That is, a plaintiff cannot rely on conclusory allegations or recitations of the elements of an offense to survive a motion to dismiss. *Id.*

## I. Plaintiff's Claims Under Louisiana Revised Statute § 14:40.5

Defendants assert that Plaintiff claims for public display of a noose with intent to intimidate in violation of § 14:40.5 must be dismissed because § 14:40.5 is a criminal statute that confers no private right of action (doc. 6). Plaintiff asserts that it is not seeking to recover under § 14:40.5, but only to use the

---

[1] Plaintiff was permitted to amend its petition after Parent filed a Peremptory Exception for No Cause of Action and Geoengineers filed a Dilatory Exception of Vagueness and a Peremptory Exception of No Cause of Action (doc. 18, p. 3).
[2] Defendant Parent also asserts that Plaintiff should be precluded from amending his complaint on the same grounds (doc. 17).

statute as a guideline in determining whether civil liability should be imposed against Defendants (doc. 15).

Title 14 of the Louisiana Revised Statutes—of which § 14:40.5 is a part—contains Louisiana's criminal laws. § 14:40.5 states that "[i]t shall be *unlawful* for any person, with the intent to intimidate . . . to . . . display a hangman's noose on the property of another" and, as a remedy, provides that "[w]hoever commits the *crime* of public display of a noose with the intent to intimidate shall be fined . . . or imprisoned." When a plaintiff seeks damages for violation of a criminal statute which provides no civil right of action, the court should dismiss plaintiff's claim. *Kwan-Tai Corp. v. Mastercraft Printers, Inc.*, 2001 WL 487329, at * 7 (E.D. La. May 7, 2001) (dismissing plaintiff's claims for violations of criminal laws which provide no civil remedies). However, though "'[c]riminal statutes are not, in and of themselves, definitive of civil liability' and do not set the rule for civil liability . . . they may be guidelines for the court in fixing civil liability." *Laird v. Travelers Ins. Co.*, 267 So. 2d 714, 717 (La. 1972). In order for a criminal statute to evince a civil duty, the plaintiff must fall within the class of persons in whose favor the statute operates and plaintiff's harm must be of the kind the statute was designed to prevent. *Boyer v. Johnson*, 360 So. 2d 1164, 1169 (La. 1978).

The Court finds that Plaintiff has failed to state a claim upon which relief can be granted. Under § 14:40.5, one who violates the statute is subject to imprisonment and/or a fine. However, § 14:40.5 does not provide a civil remedy for victims of the crime and so Plaintiff's claims arising out of Defendants' alleged

violation of the statute must be dismissed. *Kwan-Tai*, 2001 WL 487329, at * 7. Though Plaintiff's may wish to evoke § 14.40.5 in attempting to set the standard of care in its negligence claims, Plaintiff may not file an independent claim for damages under § 14.40.5. Therefore, the Court will GRANT Defendant Defendants' Motions to Dismiss (docs. 6 & 7) Plaintiff's claim under § 14:40.5.

## II. Plaintiff's Claims Under § 23:301

Defendants assert that Plaintiff's claims for discrimination and harassment under § 23.301, et al, must be dismissed because Plaintiff failed to notify Geoengineers, in writing, of his complaints at least thirty days prior to filing suit, as required by the statute and that Plaintiff's § 23:301 claims have now prescribed (doc. 6 & 7). Plaintiff did not address Defendants' arguments in its motion in opposition (docs. 13 & 15).

Louisiana Revised Statute § 23:303 states:

> C. A plaintiff who believes he or she has been discriminated against, and who intends to pursue court action *shall give the person who has allegedly discriminated written notice of this fact at least thirty days before initiating court action*, shall detail the alleged discrimination, *and both parties shall make a good faith effort to resolve the dispute prior to initiating court action.*
>
> D. *Any cause of action provided in this Chapter shall be subject to a prescriptive period of one year*. However, this one-year period shall be suspended during the pendency of any administrative review or investigation of the claim conducted by the federal Equal Employment Opportunity Commission or the Louisiana Commission on Human Rights. *No suspension*

> *authorized pursuant to this Subsection of this one-year prescriptive period shall last longer than six months.*

(emphasis added). Therefore, under Louisiana law, in order to file a claim for employment discrimination, the plaintiff must give written notice of his intent to file the claim at least thirty days before doing so. La. Rev. Stat. § 23:303(C); *Simpson-Williams v. Andignac*, 902 So. 2d 385 (La. Ct. App. 4th Cir. 2005). Oral communications are not sufficient to satisfy § 23.303(C)'s requirements. *See, e.g., Lombardino v. Brentwood Health Mgmt LLC*, 2005 WL 2600439, at * 2 (W.D. La. Oct. 13, 2005) (dismissing plaintiff's complaint for failure to provide *written* notice); *Johnson v. Hosp. Corp. of Am.*, 2009 WL 3648448, at * 13 (W.D. La. Nov. 3, 2009) (same). Moreover, the plaintiff must file suit within one year of the alleged discrimination or file a claim with the Employment Opportunity Commission ("EEOC"), in which case, the prescriptive period is suspended. La. Rev. Stat. § 23:303(D). If the plaintiff fails to do so, his claim will be barred. *Id.*

The Court finds that Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff alleges that he attended "two separate meetings," one with Geoengineers' General Manager David Saul, and a second with Geoengineers' corporate representative Tammy Fain. (doc. 1, exhibit A, ¶ 21). However, nowhere in Plaintiff's complaint does he allege that he provided written notice of the incidents to Geoengineers. Moreover, the alleged incident took place on October 27, 2008 (doc. 1, exhibit A). Nowhere in Plaintiff's complaint

does he allege that he filed a claim with the EEOC as is required to suspend §23:303(C)'s one-year prescriptive period. La. Rev. Stat. § 23:303(D).

Therefore, Plaintiff failed to provide written notice to Geoengineers at least thirty days before filing the present suit as required by § 23.303(C). Moreover, because the prescriptive period has run, Plaintiff is barred submitting written notice and refiling his suit in order to comply with the statute. Because Plaintiff cannot meet § 23:303(C)'s requirements, the Court finds that he has failed to state a claim upon which relief can be granted. Therefore, the Court will GRANT Defendants' motions to dismiss (docs. 6 & 7) Plaintiff's claims under § 23:301.

### III. Plaintiff's Claims Under § 23:967 and 42 U.S.C. § 1981

Parent asserts that Plaintiff's claims against him arising out of § 23:967—Louisiana's Whistleblower Law—and 42 U.S.C. § 1981 must be dismissed, because the statutes only impose liability on employers, and not employees (doc. 7). Plaintiff, in opposition, asserts that Parent has refused to be deposed and, as a result, his relationship to Plaintiff has not been established and so, dismissal is improper (doc. 13).

Louisiana Revised Statute § 23:967 states that "[a]n *employer* shall not take reprisal against an employee who in good faith, and after advising the employer of the violation of law. . . [d]iscloses or threatens to disclose a workplace act or practice that is in violation of state law." Though § 23:967 doesn't define the term "employer," Title 23's discrimination provisions define an "employer" is any "person . . . or . . . entity . . . receiving services from an

8

employee and, in return, giving compensation of any kind to an employee." La. Rev. Stat. § 23:302; *see also Ray v. City of Bossier City*, 859 So. 2d 264, 272 (La. Ct. App. 2d Cir. 2003) (stating that courts apply § 23:302's definitions in cases where employment status is at issue). Moreover, courts examining Louisiana's anti-discrimination statutes typically look to federal law to interpret the meaning of the statutes. *Galbreth v. Bellsouth Telecomm., Inc.*, 896 F. Supp. 631, 632 (E.D. La. 1995). Neither supervisors nor employees are "employers" for purposes of federal anti-discrimination law. *Grant v. Lone Star Co.*, 21 F.3d 649, 652 (5th Cir. 1994).

42 U.S.C. § 1981—which mandates equal treatment in the making, performance, termination and enjoyment of contracts—prohibits employers from retaliating against an employee for filing a charge with the EEOC or a lawsuit alleging racial discrimination. *Foley v. Univ. of Houston Sys.*, 355 F.3d 333, 339 (5th Cir. 2003). An individual employee—that is, one who is not a party to the contract between the employer and the aggrieved employee—may be sued under § 1981 only if the employee was "essentially the same" as the employer for the purposes of the complained-of conduct. *Id.* at 337-38. An employee is "essentially the same" as his employer, if the employee exercises some control over the aggrieved employee in making the decision and taking the action about which the aggrieved employee complains. *Id.*

The Court finds that Plaintiff has failed to state claim upon which relief can be granted. Plaintiff failed to provide specific factual allegations in his complaint

9

that could lead the Court to plausibly conclude that Parent was his "employer" or that Parent exercised control over him. In his complaint, Plaintiff plainly states that he was employed by Geoengineers (doc. 1, exhibit A, ¶ 8) and that Parent was an employee of Geoengineers (doc. 1, exhibit A, ¶ 3). Though Parent's precise role within Geoengineers may be in dispute, the Court must decide Defendant's 12(b)(6) motion to dismiss based solely on the allegations made in Plaintiff's complaint. *Twombly*, 550 U.S. at 555. As such, Plaintiff has failed to allege that Parent was his "employer" or that Parent exercised control over him and has therefore failed to state a valid claim under either § 23:967 or 42 U.S.C. § 1981. Therefore, the Court will GRANT Defendant Parent's Motion to Dismiss Plaintiff's claims against him for violations of § 23:967 and 42 U.S.C. § 1981 (doc. 7).

### III. Plaintiff's Claims for Intentional Infliction of Emotional Distress and Assault

Defendants assert that, to the extent Plaintiff attempts to establish a claim arising out of Parent's, Geoengineers' or its employees' negligence, Plaintiff's claim must be dismissed and brought under the LWCA (doc. 6 & 7). Plaintiff did not address Defendants' arguments in its motions in opposition (docs. 13 & 15).

Where an employee's alleged injury arises in the course and scope of employment and is due to his employer or fellow employee's negligence, the LWCA provides the injured employee's exclusive method of recovery. La. Rev. Stat. § 23:1032; *see also Bertaut v. Folger Coffee Co.*, 2006 WL 2513175, at * 3

(E.D. La. Aug. 29, 2006). However, intentional torts are not covered by the act. La. Rev. Stat. § 23:1032(A)(1)(a) ("*Except for intentional acts . . .* the rights and remedies herein granted to an employee . . . on account of an injury . . . shall be exclusive of all other rights, remedies, and claims for damages."). In Louisiana, courts employ the "substantial certainty" test to determine if a claim against an employer or a fellow employee states a cause of action in intentional tort. *Suarez v. Am. Pecco Corp.*, 608 So. 2d 294, 296 (La. Ct. App. 4th Cir. 1992). That is, a tort is intentional, and the plaintiff may file suit instead of being limited to the remedies provided by the LWCA, if "defendant either desired to bring about the physical results of his act or believed they were substantially certain to follow from what he did." *Bazley v. Tortorich*, 397 So. 2d 475, 482 (La. 1981).

The Court finds that Plaintiff has stated claims that are not exclusively governed by the LWCA and, therefore, upon which relief may granted. Plaintiff asserts that Parent's hanging a noose from his workspace constituted assault and intentional affliction of emotional distress (doc. 1, exhibit A)—both intentional torts under Louisiana law. Plaintiff also asserts that Geoengineeers should be liable for Parent's conduct under the doctrine of *respondeat superior* (doc. 1, exhibit A). The Court cannot say, as a matter of law, that Defendants did not intend to cause, or were not substantially certain that their conduct would cause, Plaintiff severe emotional distress or fear of an impending physical confrontation. Thus, Plaintiff has stated plausible claims for intentional infliction of emotional distress and assault, and the claims are not governed by the LWCA. Therefore,

the Court will DENY Defendants' motions to dismiss (doc. 6 & 7) Plaintiff's claims for intentional infliction of emotional distress and assault.

## CONCLUSION

Therefore, the Court GRANTS Defendant Geoengineers' (doc. 6) and Defendant Parent's (doc. 7) motions to dismiss Plaintiff's claims under § 14:40.5. In addition, because the Plaintiff failed to comply with § 23:303(C)'s written, pre-litigation notice requirements the Court GRANTS Defendant Geoengineers' (doc. 6) and Defendant Parent's (doc. 7) motions to dismiss Plaintiff's claims under § 23:301. In addition, because Plaintiff failed to allege that Parent was his employer or exercised control over him, the Court GRANTS Defendant Parent's motion to dismiss (doc. 7) Plaintiff's claims against him for violations of § 23:967 and 42 U.S.C. § 1981. Lastly, because Plaintiff claims that Defendants committed intentional torts that are not governed by the LWCA, the Court DENIES Defendant Geoengineers' (doc. 6) and Defendant Parent's (doc. 7) motions to dismiss Plaintiff's claims for intentional infliction of emotional distress and assault.

Signed in Baton Rouge, Louisiana this 22nd day of November, 2010.

JUDGE JAMES J. BRADY
MIDDLE DISTRICT OF LOUISIANA